IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:17CR138 |
| | ) | |
| vs. | ) | **TRIAL BRIEF** |
| | ) | |
| BALDEMAR ARAMBUL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## SYNOPSIS OF THE CASE

From the government's point of view, this case is factually straight forward with few issues. The United States expects to call law enforcement and cooperating witnesses to testify regarding their involvement and knowledge of the defendant's methamphetamine distributing during the course of the charged conspiracy. Law enforcement utilized several investigation techniques during the investigation to include tracking devices, wire intercepts, surveillance, and cellular telephone dumps.

The cooperating witnesses consist of charged and uncharged individuals who will testify about their direct knowledge of the defendant being involved with multiple pound deliveries of methamphetamine and the transfer of drug proceeds to parties in Mexico

## ISSUES

**Co-conspirator's Statements**

The United States may offer into evidence out-of-court declarations of co-conspirators. A statement by a "coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay when it is offered against that party. Fed.R.Evid. 801(d)(2)(E). In <u>United States v.</u>

1

Bell, 573 F.2d 1040, 1044 (8th Cir.1978), 573 F.2d at 1044, the Eighth Circuit established a procedure for admitting a coconspirator's statement:

If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice

The burden is on the United States to show that it is "more likely than not that the statement was made during the course and in furtherance of an illegal association to which the declarant and the defendant were parties". Bell, 706 F.2d at 1044. The requirement that the statement was made in furtherance of the conspiracy "is afforded broad construction". United States v. Massa, 704 F.2d 629, 638 (8th Cir. 1984). As held in United States v. Bentley, 706 F.2d 1498, 1506 (8th Cir. 1983), cert. denied, 464 U.S. 830 (1984), "The independent evidence of illicit association may be completely circumstantial or may consist of the conspirator's own conduct and admissions". (quoting United States v. Williams, 604 F.2d 1102, 1113 (8th Cir. 1979), and United States v. Scholle, 553 F.2d 1109, 1117 (8th Cir. 1977), cert. denied, 434 U.S. 940). The United States will meet this burden.

**Jury Instructions**

The government requests the standard Eighth Circuit Model Jury Instructions given in a drug conspiracy and money laundering case.

**Stipulations**

The parties have agreed to stipulate to the laboratory test results from the methamphetamine recovered in the investigation, the chain of custody, and the Spanish to English translations from audio and text message evidentiary items. The government anticipates the trial lasting no more than 4 days.

    Respectfully submitted,

    UNITED STATES OF AMERICA,
    Plaintiff

    ROBERT C. STUART
    Acting United States Attorney

    s/Thomas J. Kangior
By:    THOMAS J. KANGIOR (#21496)
    Assistant U.S. Attorney
    1620 Dodge Street, Suite 1400
    Omaha, Nebraska 68102
    (402) 661-3700

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further hereby certify that a true and correct copy of the foregoing was served on the following by email this same day: Attorney of Record.

    s/ Thomas J. Kangior
    THOMAS J. KANGIOR
    Assistant United States Attorney